


FILED
JUN 14 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JONATHAN SCHERCK, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 1:12-cv-00754-CMH-JFA |

## CONSENT DECREE

This Consent Decree is entered between Plaintiff United States of America ("the United States") and Defendant Jonathan Scherck ("Defendant"). The term "Parties" collectively refers to the United States and Defendant.

The United States sued Defendant, a former CIA employee and contractor, for breaching his contractual obligations and fiduciary duties to the United States by publishing a book in violation of the terms of the Secrecy Agreements he signed with the CIA. The First Amended Complaint seeks declaratory and injunctive relief and the imposition of a constructive trust over the proceeds that Defendant derived, or will derive in the future, from the publication or republication, in any form, of his book.

On February 26, 2013, the United States moved for partial summary judgment as to liability, based in part on the undisputed facts that (1) Defendant entered into Secrecy Agreements with the CIA in which he agreed not to publish intelligence-related information without first obtaining the CIA's written approval; and (2) Defendant published a book containing intelligence-related information, entitled Patriot Lost, without receiving the CIA's

written approval and also contrary to the CIA's Publications Review Board's express denial of permission to publish, thereby breaching his contractual obligations and fiduciary duties to the United States and the CIA.

On April 5, 2013, the Court granted the United States' partial motion for summary judgment as to liability from the bench, finding no genuine issue of material fact relevant to whether Defendant Scherck breached his contractual obligations and fiduciary duties to the United States and the CIA. See Dkt. Nos. 38-39, and Dkt. No. 40 (Transcript of Proceedings).

Defendant attests that he no longer possesses any of the revenue he earned from the sale of Patriot Lost between June 8, 2010 to March 31, 2013, and further attests that he has received no additional revenue from the publication or sale of Patriot Lost since that time. See Affidavit of Jonathan Shcerck, attached hereto as Ex. A. Defendant further attests that he has removed Patriot Lost from all sales channels he initiated or is aware of, and removed all discussion of Patriot Lost's contents from his social media websites. See id.

In accordance with the Order entered by this Court on April 12, 2013 (Dkt. No. 39), in which the Court granted the United States' Motion for Partial Summary Judgment as to Liability, the Parties hereby agree to resolve the remedy aspect of this case as follows:

1. A constructive trust for the benefit of the United States is hereby imposed over any and all revenues, gains, profits, royalties, and other financial advantages derived by the Defendant and in his possession or control, or derived by the defendant in the future, from the sale, serialization, republication rights in any form, television or movie rights, and other distribution for profit, of the work entitled Patriot Lost.

2. The Defendant shall pay to the United States any and all revenues, gains, profits, royalties, and other financial advantages derived by the Defendant and in his possession or

control, or derived by the Defendant in the future, from the sale, serialization, republication rights in any form, television or movie rights, and other distribution for profit of Patriot Lost. Except as provided in any further instructions from the Government to the Defendant concerning the process to be followed for any payment due under this Order, the Defendant shall provide a check made payable to the United States and shall deliver the check to the counsel for the Department of Justice, Civil Division, Federal Programs Branch identified below, or to a person or entity that the Department of Justice may otherwise designate.

3. The Defendant, his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Consent Decree through personal service or otherwise, are hereby permanently enjoined from further breaching the terms and conditions of the Defendant's Secrecy Agreements and his fiduciary duties to the CIA by taking any steps toward publicly disclosing any intelligence-related material without first obtaining the CIA's written permission to do so through the prepublication review process; by further publishing Patriot Lost in any form or media; or from otherwise exercising any and all rights in and to Patriot Lost; or by otherwise breaching his Secrecy Agreements and fiduciary duties.

4. Defendant, his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Consent Decree through personal service or otherwise, are hereby permanently enjoined from disbursing or agreeing to disburse any and all revenues, gains, profits, royalties, and other financial advantages derived in the future from the sale, serialization, republication rights in any form, television or movie rights, and other distribution for profit of Patriot Lost to anyone other than the United States. Any and all such revenues, gains, profits, royalties, and other financial advantages derived in the future

from the sale, serialization, republication rights in any form, television or movie rights, and other distribution for profit of Patriot Lost shall be paid to the United States.

5. This Consent Decree is binding upon the Parties as of the date it is signed by the Parties.

6. This Consent Decree becomes an Order of the Court on the date it is approved by the Court.

7. If any provision of this Consent Decree is determined to be invalid or unenforceable for any reason, then such provision shall be treated as severed from the remainder of the Consent Decree and shall not affect the validity and enforceability of all of its other provisions, as long as such severance does not materially change the Parties' rights and obligations.

8. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

9. Each of the Parties to this Consent Decree shall bear its/his own fees and costs.

////

(continued on next page)

////

FOR PLAINTIFF UNITED STATES OF AMERICA:

| | |
|---|---|
| STUART F. DELERY<br>Acting Assistant Attorney General<br><br>ANTHONY J. COPPOLINO<br>Deputy Director<br>Federal Programs Branch<br><br>BRYAN DEARINGER<br>Trial Attorney<br>Federal Programs Branch<br>U.S. Department of Justice<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C. 20530 | NEIL H. MACBRIDE<br>United States Attorney<br><br>*/s/ Kevin J. Mikolashek*<br>KEVIN J. MIKOLASHEK<br>Assistant United States Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Tel.: (703) 299-3809<br>Fax: (703) 299-3983<br>Email: kevin.mikolashek@usdoj.gov<br><br>6/4/2013<br>Date<br><br>Attorneys for Plaintiff. |

FOR DEFENDANT JONATHAN SCHERCK:

| | |
|---|---|
| */s/ Jonathan Scherck*<br>JONATHAN SCHERCK<br>Defendant<br><br>ERIC GOLD<br>(VA Bar No. 78515)<br>Kilpatrick Townsend & Stockton LLP<br>sbaskin@kilpatricktownsend.com<br>Suite 900<br>607 14th Street, NW<br>Washington, DC 20005<br>Telephone: (202) 508-4899<br>Facsimile: (202) 585-0044 | 6/2/13<br>Date<br><br>*/s/ A. James Isbester*<br>A. JAMES ISBESTER<br>(CA Bar No. 129820)<br>(Admitted Pro Hac Vice)<br>jisbester@kilpatricktownsend.com<br>Kilpatrick Townsend & Stockton LLP<br>Eighth Floor, Two Embarcadero Center<br>San Francisco, CA 94111<br>Telephone: 415 576 0200<br>Facsimile: 415 576 0300<br><br>Attorneys for Defendant. |

**IT IS SO ORDERED.**

Dated: _____

_____
HON. CLAUDE M. HILTON
United States District Judge

FOR PLAINTIFF UNITED STATES OF AMERICA:

| | |
|---|---|
| STUART F. DELERY<br>Acting Assistant Attorney General | NEIL H. MACBRIDE<br>United States Attorney |
| ANTHONY J. COPPOLINO<br>Deputy Director<br>Federal Programs Branch | _____<br>KEVIN J. MIKOLASHEK<br>Assistant United States Attorney<br>2100 Jamieson Avenue |
| BRYAN DEARINGER<br>Trial Attorney<br>Federal Programs Branch<br>U.S. Department of Justice<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C. 20530 | Alexandria, VA 22314<br>Tel.: (703) 299-3809<br>Fax: (703) 299-3983<br>Email: kevin.mikolashek@usdoj.gov |

_____
Date

Attorneys for Plaintiff.

FOR DEFENDANT JONATHAN SCHERCK:

_____/s/_____    _____6/4/13_____
JONATHAN SCHERCK                  Date
Defendant

| | |
|---|---|
| ERIC GOLD<br>(VA Bar No. 78515)<br>Kilpatrick Townsend & Stockton LLP<br>sbaskin@kilpatricktownsend.com<br>Suite 900<br>607 14th Street, NW<br>Washington, DC 20005<br>Telephone: (202) 508-4899<br>Facsimile: (202) 585-0044 | A. JAMES ISBESTER<br>(CA Bar No. 129820)<br>(Admitted Pro Hac Vice)<br>jisbester@kilpatricktownsend.com<br>Kilpatrick Townsend & Stockton LLP<br>Eighth Floor, Two Embarcadero Center<br>San Francisco, CA 94111<br>Telephone: 415 576 0200<br>Facsimile: 415 576 0300 |

Attorneys for Defendant.

**IT IS SO ORDERED.**

Dated: June 14, 2013

_____/s/_____
Claude M. Hilton
United States District Judge

# EXHIBIT A

450IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:12-cv-00754-CMH-JFA |
| v. ) | |
| ) | |
| JONATHAN SCHERCK, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF JONATHAN SCHERCK

I, Jonathan Scherck, declare under the penalty of perjury that the following is true and correct:

1. I earned revenues in the total amount of $450 from the sale of my book, Patriot Lost, between June 5, 2010 and March 31, 2013.

2. I no longer possess any of the revenues from the sale of Patriot Lost between June 5, 2010 and March 31, 2013, set forth in paragraph 1.

3. On April 7, 2013, I removed both hard and soft copies, including electronic copies, of Patriot Lost from all sales channels I initiated or am aware of, and removed all discussion of Patriot Lost's contents from my social media websites.

4. I have earned no revenues from the sale of Patriot Lost between March 31, 2013 to the present.

Executed on May 30, 2013, in Los Angeles, California.

_____
JONATHAN SCHERCK